## Case No. 15,512.

### UNITED STATES v. KEENE.

[5 McLean, 509.] [1]

Circuit Court, D. Illinois. July Term, 1853.

OFFENSES UNDER POST-OFFICE LAWS — BUYING ARTICLE STOLEN FROM MAILS—EVIDENCE—PRESUMPTIONS.

1. It is an offense under the post office law of 1825, 45th section [4 Stat. 114], to receive or buy any article that has been stolen from the mail, knowing it to have been so stolen.

[Cited in Stockwell v. U. S., 13 Wall. (80 U. S.) 559.]

2. To show that the article has been stolen, the conviction of the individuals who stole it, is sufficient, if the article be identified.

3. When an individual is found in possession of stolen property, and fails to show how he acquired it, or gives inconsistent or contradictory accounts, how he came by it, the presumption of guilt is strengthened.

Mr. Horn, U. S. Dist. Atty.
Gregg & Edwards, for defendant.

McLEAN, Circuit Justice (charging jury). The defendant is indicted for receiving from Daniel Keene a certain article of value known as, and called a land warrant, of the value of thirty dollars, which warrant the said Daniel Keene had before then stolen from the mail of the United States, in said state and district of Illinois, on the route between the town of Fairfield, and the town of Carmi, to wit: On the 30th day of July, 1852; and which warrant the said Edmund Keene, at the time he so received it, knew it had been stolen, as aforesaid, by Daniel Keene, from the mail of the United States. A second count that Daniel Keene, being a carrier of the mail, &c., opened a certain mail of letters, which came to his possession as carrier, in August, 1852, in the state of Illinois, and that the defendant aided, advised, and assisted in opening the same, &c.

The 21st section of the post office act of 1825, provides, that if any carrier of the mail shall steal therefrom any letter or packet of letters, which he was required to carry by post, which shall contain a bank note or other article of value, on conviction shall be fined and punished by confinement to hard labor, &c. The 45th section of the same act provides that, "if any person shall buy, receive, or conceal, or aid in buying, or concealing any article mentioned in the 21st section of

¹ [Reported by Hon. John McLean, Circuit Justice.]

this act, knowing the same to have been stolen or embezzled from the mail of the United States, or out of any post office, or if any person shall be accessary after the fact, to any robbery of the carrier of the mail of the United States, &c., every person so offending, shall, on conviction thereof, pay a fine not exceeding two thousand dollars, and be imprisoned and confined to hard labor for any time not exceeding ten years." To authorize a conviction, it must be proved, that the land warrant in question was stolen from the mail by Daniel Keene, and that it was received by the defendant from him knowing it to have been so stolen.

To show the guilt of Daniel Keene, the record of his conviction has been read in evidence. In the indictment he was charged with stealing certain letters on the route from Fairfield to Carmi, in the district of Illinois, containing certain articles of value, known as land warrants, the 30th of July, 1853. This only establishes the guilt of Daniel Keene, of the offense charged in the indictment. The charge was, "stealing a letter containing land warrants." No particular warrant is specified. J. W. Barnwell, assistant post-master at Fairfield, swears that he mailed a letter at that office the 30th of July, 1852, directed to Mr. Wilson, of Shawneetown, in which were enclosed two land warrants, one for one hundred and sixty acres. No. 9,370. Daniel Keene was the carrier of the mail on the route from Fairfield to Carmi. It is proved by Mr. Wilson, to whom the letter was directed, that it was not received, and that the day it should have been received at Shawneetown, no packet was received from Fairfield. It is proved by other witnesses, that the above warrant, shortly after it was mailed, was in possession of the defendant, Edmund Keene. The defendant and Daniel Keene are brothers, the latter being a youth of some sixteen years of age. Some evidence was given to show that the brothers were seen together shortly after the letter was stolen from the mail. And the defendant, at the same time, professed that he had several land warrants to sell. Is the defendant guilty of receiving this warrant, from Daniel Keene, his brother, knowing it to have been stolen from the mail? That he was in possession of the warrant, clearly indentified as having been stolen from the mail by his brother Daniel, is not denied. It is shown to have been the same warrant, which, with another warrant, was mailed at Fairfield the 30th day of July last year. This warrant could only have been taken out of the mail clandestinely by some one who had possession of the mail. The defendant was the elder brother of Daniel, who, it is proved, was young and inexperienced. The account given by Edmund of the manner he procured this warrant, is alleged to be improbable, inconsistent and contradictory. To one person he said he paid two yoke of oxen for it; but afterwards said to the same individual, he gave for the

warrant one hundred and twelve dollars in cash. That he procured this money from Joseph and William Curl, to whom he gave his note. That he borrowed from them one hundred or one hundred and fifty dollars. The warrant, he said, he purchased from Oliver Ward, of White county. Afterwards alleged he had bought it of his brother John Keene. Said he had seven or eight of them. Where a party is found in possession of stolen property clearly identified, it is incumbent on him to show how he acquired the property. This is no hardship, as an honest dealer must always be able to show, especially where the property is peculiar, of whom he obtained it. And if he fail to do th's, the presumption of his guilt is greatly strengthened.

The ground assumed in the defense, that the place where the offense is alleged to have been committed, has not been proved, is entitled, it would seem, to but little consideration. It is alleged and proved that the letter containing the land warrant was mailed at Fairfield, directed to Mr. Wilson, of Shawneetown. Now, if you are able to say, from the proof, that this mail route was in the state of Illinois, it is sufficient to support the charge. If you have reasonable doubts of the guilt of the accused, you will acquit the defendant; and if, on the contrary, you find in your minds no such doubts, you will find the defendant guilty.

The jury returned a verdict, that the defendant was guilty.